KATE D. ELLERS, as Administratrix, etc., of CHARLES E. ELLERS, Deceased, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

Fourth Department, May 2, 1917.

Railroad — negligence — death of station agent struck by fast passenger train while attempting to cross tracks — evidence — contributory negligence — duty of railroad company to give warning of approach of trains — peculiar whistle or signal denoting character of train not required.

In an action for the death of a former station agent familiar with the difference between the warning whistles of fast through trains and of locals, it appeared that the decedent seeing the approach of a fast through passenger train running at the rate of sixty miles an hour upon the schedule time of a slow local passenger train, and whistling as it approached in a manner peculiar to the latter train, attempted to cross the tracks before said train, when it was so near the station that it could not be stopped in time.

Evidence examined, and *held*, insufficient to establish the negligence of the defendant and that the decedent had been guilty of contributory negligence.

A railroad company is not required to give a peculiar warning whistle or signal to apprise the public as to the character of approaching trains. It is enough if it gives a sufficient and timely warning of their approach.

LAMBERT and MERRELL, JJ., dissented.

APPEAL by the defendant, Erie Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of Erie on the 13th day of October, 1916, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Moot, Sprague, Brownell & Marcy* [*John W. Ryan* of counsel], for the appellant.

*Hamilton Ward,* for the respondent.

KRUSE, P. J.:

The plaintiff's intestate attempted to cross the tracks at Alden station, upon which a fast moving passenger train was coming. He just failed to get across before the train reached him and lost his life. The verdict rests upon a finding that the defendant was negligent in running a fast through passenger train upon the schedule time of a slow local passenger train, whistling as it approached, in a manner peculiar to the latter train. The local train usually stopped at this station, the through train did not.

The evidence as to the difference between the warning whistles of the fast through trains and those of the locals is not very satisfactory. But we may assume upon the disposition of this appeal that there was a difference, and that Ellers, who had been station agent at this station for many years up to within a few years before his death, was familiar with the difference. It is not claimed that the engineer could have stopped his train in time to have avoided the accident after it became apparent that Ellers intended to cross the tracks. The train was running at the rate of sixty miles an hour, and was then so near the station that it could not be stopped in time.

Nor is it claimed that Ellers was not aware of the approach of the train. He heard the warning whistle and saw the train coming, but evidently he thought that it was the local train which he intended to take. The evidence shows that he had left a basket of eggs at the station, had gone across the tracks to the hotel, ordered a drink, invited others to drink with him. After he had taken the drink the whistle of the approaching train was heard by those in the barroom. Thereupon Ellers

said to the bartender: "Give me my change, I must get over and get my basket, that is my train." He took his change, hurried toward the door. After he got out he looked up the track directly at the train. The train was coming from the east and he was crossing northerly to the crossing upon the walk which leads from the hotel to the walk in front of the station. He started on a little run to cross the track, as one of the witnesses testifies, he looked at the train, he kept getting closer to the train and the train was getting closer to him, as he ran across the track. The witness thought he was over, but just then something on the side of the engine hit him and knocked him to the feet of the witness, who was standing upon the depot platform.

I am of the opinion that the plaintiff failed to make out a case of actionable negligence. I am not aware of any rule of law that requires a railroad company to give a peculiar warning whistle or signal to apprise the public as to the character of the train. It is enough if it gives a sufficient and timely warning signal of its approach.

As to the question of contributory negligence, I have no doubt that Ellers supposed this was the local train, and if it had been the accident would not have happened. But if I am right in the conclusion that the railroad company owed him no other duty than to give him timely warning, and that he had no right to rely upon the peculiar nature of the whistle, he was guilty of contributory negligence. The conduct of Ellers in attempting to cross ahead of this approaching train was highly imprudent. He took the chance and lost.

The judgment and order should be reversed and the complaint dismissed, with costs.

All concurred, except LAMBERT and MERRELL, JJ., who dissented and voted for affirmance.

Judgment and order reversed and complaint dismissed, with costs.